In the Matter of the Application of FRANK McMAHON, Appellant, for a Mandamus Order against FRANK B. DEVLIN, Commissioner of Public Safety of the City of Yonkers, New York, Respondent.— Order denying motion for peremptory mandamus order or alternative mandamus order reversed upon the law and the facts, with fifty dollars costs and disbursements, and the motion for peremptory mandamus order granted, with ten dollars costs. Both parties, as well as the Special Term, have assumed, despite the pleadings, that no question of fact existed with regard to whether or not the commissioner was in fact absent, and have assumed that he was present in the trial room when the deputy commissioner assumed to act. It was conceded in this court upon the argument that he was not absent or disabled and that no vacancy existed in the office; consequently a peremptory mandamus order should issue. There being no dispute as to the commissioner's presence or ability to preside, the deputy commissioner was without power to exercise the functions of the commissioner and try the petitioner upon the charges preferred against him. The dismissal of the petitioner by the deputy commissioner was, therefore, void and a nullity. The remedy provided by section 138 of the Second Class Cities Law was not exclusive as that section contemplated a trial by a commissioner qualified to act and a determination by such a qualified commissioner. The petitioner was entitled to invoke mandamus in view of the fact that the proceedings which he challenges are void. (*Matter*

of *Elder* v. *Bingham*, 118 App. Div. 25.) The petitioner has accounted for the lapse of time between the date when the deputy commissioner, without authority, assumed to dismiss him and the date when these proceedings in mandamus were commenced, with sufficient completeness to warrant, in the sound exercise of discretion, its being held that he has not been guilty of laches. '(*People ex rel. Gas-light Co.* v. *Common Council*, .78 N. Y. 56, 62.) Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Kapper, J., dissents, with the following memorandum: Even assuming that the presumption of regularity of official performance was overcome, I think the application is so belated as to constitute laches as matter of law.